## MIRANDA *v.* FIOL.

### APPEAL from the District Court of San Juan, Section 1.

#### No. 736.—Decided February 16, 1912.

ACTION FOR DAMAGES — DAMAGES CAUSED — CONSTRUCTION OF THE WORD "CAUSED."—For the same reason that the judgment in an action to recover a sum of money calls for the payment of interest until the judgment shall have been fully satisfied including the interest accruing after the rendering of the judgment, so also in an action for damages for the defective construction of a dwelling house an order may be made directing the payment of rentals lost until the defects shall have been corrected without violating the provisions of section 1068 of the Civil Code, because the word "caused" used in said section should not be construed so narrowly as to bar such provision from the judgment.

ID.—NONCOMPLIANCE WITH OBLIGATION—FRAUD, NEGLIGENCE, OR DELAY.—Where the finding of the court below supported by the evidence is that the defendant has violated the terms of the contract it is unnecessary to ascertain whether the court took into consideration the existence of fraud, negligence, or delay, for the purpose of reaching the conclusion that the defendant should pay for the damages actually caused by his failure to comply with the contract within the provisions of section 1068 of the Revised Civil Code.

ID.—LATENT DEFECTS IN CONSTRUCTION OF A HOUSE—ACCEPTANCE OF WORK.— The acceptance of the work by the owner of a house does not impair his right to claim and to obtain such damages as he is found to be entitled to on account of latent defects in its construction.

ID.—OCULAR INSPECTION—CONFORMITY OF BOTH PARTIES—RESULT OF INSPECTION.—An ocular inspection of the work having been made by the consent of both parties, one of them cannot afterwards object to the introduction of evidence upon the result thereof nor to a consideration of the same by the court in rendering judgment.

ID.—SLIGHT CONFLICT.—Where the difference observed is rather casual than essential it cannot be held that there is a real conflict between the allegations and the evidence.

The facts are stated in the opinion.

Mr. *Antonio Sarmiento* for appellant.

Mr. *Eduardo Acuña* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for damages for the defective construction of a dwelling house. The complaint in part reads:

"3. That some time in March of this year a contract was entered into and signed by the plaintiff and defendant herein, providing that

the defendant should erect a house upon the land of the plaintiff situated in *barrio* Santurce of this city, a copy of which contract is hereto attached and made a part of the complaint.

"4. That the plaintiff has fully complied with all the obligations assumed by her in the contract, and has paid to the defendant the full amount of the contract price.

"5. That the defendant has built an inadequate foundation, by reason of which cracks have opened in the outer walls which allow the filtration of water.

"6. That in manufacturing the cement blocks for the walls the defendant did not mix the materials in the proper technical proportion, for which reason the blocks, far from being impervious to water, absorb the rain and are kept in a constant state of dampness.

"7. That the roofing brick used by the defendant in the roof of plaintiff's house is so poor that it allows the filtration of water.

"8. That the defects in construction above outlined are such as to render the house unserviceable and uninhabitable.

"9. That on account of such defective and imperfect construction the plaintiff has suffered damages which she estimates at $4,500."

In answering the complaint the defendant made a general denial of allegations 5, 6, 7, 8 and 9, and as new matter in opposition thereto made the following allegations:

"2. That the plaintiff has accepted one by one as each was completed the portions of the building referred to in the complaint.

"3. That upon the completion of the house the plaintiff expressed her entire satisfaction with the same.

"4. That the minor defects which afterward appeared in the house built under said contract were foreseen and inevitable.

"5. That ever since such defects were brought to his attention the defendant has always been willing to correct them at his own expense, this being objected to by the plaintiff."

The hearing having been had the court rendered judgment holding that both the facts and the law were in favor of plaintiff and against the defendant, and that the former should recover from the latter the sum of $876 plus the rents of the house at the rate of $35 per month from July, 1910, and continuing thereafter until the final satisfaction of the judgment, and the further sum of $35 for the rent of another

month, which is estimated will be required to repair the house, and costs.

The district judge based his findings on the following conclusions of facts:

"First. That the roof put by defendant on the said house of plaintiff is not flat, as called for by the contract, and that besides not being a solid one it is inadequate as a suitable cover for the house. The bad condition of the roof was due to a concealed and inapparent defect, the discovery of which was made some days prior to the trial and also in the course of the same, when it was torn open in places to disclose its construction.

"Second. That the wet condition of the house, the warping of the floors and the signs of dampness on the walls, are all due to the bad quality of the roof built by the defendant.

"Third. That since July, 1910, and up to the present time the house has not been rented at $35 per month on account of water filtering through the roof.

"Fourth. That the direct and primary cause of the cracks opened in the roof through which water filters is the bad quality of the roof put on the house, the weight of a considerable number of people who stood upon it during certain racing days being only a contributory cause of the damage.

"Fifth. That the blocks used in the walls of the house are those ordinarily used in this city and its suburbs in the same class of buildings.

"Sixth. That the cracks in the walls, the repair of which would be an easy matter, have not been caused by the poor quality of the blocks used in their construction, but to a certain extent by the natural settlement of the building and by a minor defect in the foundations.

"Seventh. That the foundations of the house have the required depth, and that although in certain parts of the building, on the east side, for instance, there is a slight defect of construction, this is not such as would impair the stability of the building and could easily be repaired.

"Eighth. That all the defects pointed out can be repaired at a cost of $876, which amount is considered sufficient to put the house in shape to be delivered to plaintiff in proper habitable condition.

"Ninth. That as the plaintiff, Belén Miranda, widow of Orbeta, is not an expert in the construction of buildings, she accepted the

house and expressed her entire satisfaction when it was delivered to her, and did not engage the services of an expert to inspect it.''

The conclusions of law are:

''That as the main defect of the plaintiff's house was the latent one, that the roof was only flat in appearance and not in reality, the acceptance of the house by plaintiff did not impair her right to recover damages.

''That the plaintiff has a cause of action to recover damages on account of the latent defects in the foundations and roof of the house, which were not constructed in conformity with the contract.

''That the house will not be habitable until the necessary repairs shall have been made.''

The following are the errors assigned by appellant in his brief:

''1. That section 1068 of the Civil Code has been violated by the assessment of damages which have not been caused.

''2. That defects for which damages may be recovered have been taken into consideration, statements to the contrary made in one of plaintiff's exhibits, and acts of a similar nature performed by plaintiff notwithstanding. Section 101, subdivisions 2 and 3, of the Law of Evidence.

''3. That the court has considered evidence concerning defects in the construction of the roof not alleged in the complaint.

''4. That the judgment is incongruent with the issues raised in the pleadings. Section 198 of the Code of Civil Procedure.

''5. That although appellant has not been found guilty of either fraud, negligence or delay in the fulfillment of his contract obigations, damages have been assessed against him.'' Section 1068 of the Civil Code.

We shall now consider the first and last errors assigned, since both involve the correct construction and proper application of section 1068 of the Civil Code to this concrete case.

The court below reached the conclusion that the house built for the plaintiff by the defendant was defective and that its defects were such as to render the house uninhabitable, and on these grounds ordered the defendant to pay to plain-

tiff the amount the evidence showed was necessary to spend in correcting such defects, besides the rents already lost and those hereafter lost by the plaintiff.

Section 1068 cited by appellant provides:

"Those who in fulfilling their obligations are guilty of fraud, negligence or delay, and those who in any manner whatsoever act in contravention of the stipulations of the same, shall be subject to indemnity for the losses and damages caused thereby."

The appellant alleges that that part of the judgment where damages are assessed for rents which plaintiff has not received contravenes the above provisions of law, since such damages did not exist at the time the judgment was rendered.

It is a general rule that only damages actually caused may be assessed, but the word "caused" should not be given such a narrow construction as that attempted by appellant in a case of this kind, where under the evidence the conclusion is reached that the house was not habitable and was, therefore, unprofitable to the owners until the defects were corrected. We may compare this case with an action to recover a sum of money where the judgment calls for the payment of interest until the judgment shall have been fully satisfied. It cannot be said that interest was due when the judgment was rendered, yet the judgment calls for the payment thereof.

The appellant also alleges a further violation of section 1068, since neither fraud, negligence nor delay has been charged, damages, however, have been assessed by the court.

Without entering into a discussion of whether or not such requirements have been complied with, we would say that it is very clear that the court found, and its finding is fully supported by the evidence, that the defendant violated the terms of the contract, since that instrument provides for the construction of a flat roof, and the one built by defendant was flat in appearance only and not such as those known in the Island as *azoteas.*

Such being the case, it is evident that defendant should pay damages under the provisions of section 1068 of the Civil Code cited.

We will now proceed to consider the second error assigned. It is quite true, as shown by the evidence, that on receiving the house from the defendant the plaintiff expressed in writing her conformity with the construction of the house under the terms of the contract; but, as it has also been shown by the evidence and admitted by the judge, the principal defect consisted in the latent imperfection of the roof, the acceptance of the house by the plaintiff does not impair her right to claim and to obtain such damages as she is found to be entitled to on account of such imperfections.

And, finally, we will consider the third and fourth errors assigned by appellant.

As appears from the complaint above transcribed, the defect of the roof was alleged in the following manner:

"That the roofing brick used by the defendant in the roof of plaintiff's house is so poor that it allows the filtration of water."

It is contended by the appellant that no evidence concerning questions not alleged in the complaint should have been admitted, and that if so they should not be considered in rendering judgment, especially when, as in this case, the plaintiff has not amended the complaint to make it conform to the evidence introduced.

It is quite true, according to the evidence, that the filtration of water was not due to the poor quality of the brick used in the construction of the roof, and that evidence was introduced to show that such filtration was caused by the roof having been built by putting a layer of sand on a board foundation, then a layer of cement, and over this one of brick. And it is also true that this defect, made latent by the fact that the sand was put between a foundation of boards and a layer of bricks, was later discovered through an inspection made of the roof in pursuance of an order issued by the court,

to which the parties consented. And as no objection was raised by defendant to such inspection, he cannot afterwards object to conclusions reached in consequence thereof, nor to a consideration of the same by the court in rendering a judgment.

Perhaps plaintiff might better have moved the court for permission to amend the complaint to make it conform to the evidence introduced so as to comply more strictly with the rules of procedure, but we are of the opinion that the errors committed, if any, were not such as would result in the reversal of the judgment, since the fundamental allegation of the complaint is that the roof leaked, thereby failing to serve the purpose for which it was intended. Section 142 of the Code of Civil Procedure.) Whether such filtrations were due to the poor quality of the brick employed in its construction or to the bad construction of the roof throughout, is merely incidental.

Although in his brief appellant sets forth that he does not object to the findings of the trial judge upon the evidence, nevertheless we have made a careful examination of such findings and have come to the conclusion that they fully support the judgment rendered. The court below did not fix the amount of damages on the testimony of the experts introduced by plaintiff, whose estimate brought the figure up to some $4,000, but on the testimony of the experts introduced by the defendant.

Having reached the conclusion that none of the errors assigned have been committed, and in consideration of all the circumstances attending the case, we are of the opinion that this appeal should be dismissed and the judgment affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and Aldrey concurred.